CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 06 2015

JULIA C. DUDLEY, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| LESLIE FAYE LUSK, | ) |
| Plaintiff, | ) Civil Action No.: 5:13-cv-00079 |
| v. | ) |
| VIRGINIA PANEL CORPORATION, | ) By: Hon. Michael F. Urbanski |
| Defendant. | ) United States District Judge |

### MEMORANDUM OPINION

Before the court are two post-trial motions: plaintiff's motion for attorneys' fees, Dkt. No. 129, and defendant's motion for new trial, to alter or amend judgment, and to stay the execution of judgment, Dkt. No. 142. The court heard oral argument on the motions on November 20, 2014. For the reasons that follow, the court will deny defendant's motion for a new trial and to stay execution of judgment, but will amend the judgment pursuant to Federal Rule of Civil Procedure 60(b)(5) to reflect the unfortunate reality that the remedy of reinstatement is prospectively no longer equitable. Given the failure of this equitable remedy, the court will impose an additional six months of front pay. The court will grant plaintiff's motion for attorney's fees in the amount determined herein.

I.

Plaintiff Leslie Lusk ("Lusk") brought this action against Virginia Panel Corporation ("VPC") alleging that it violated her rights under the Family Medical and Leave Act ("FMLA") through both interference and retaliation, as well as the Americans with Disabilities Act ("ADA"). At trial, the court dismissed Lusk's ADA claims. See Jury Trial Minutes, Dkt. No. 95. As to the FMLA claims, the jury returned a verdict in favor of Lusk on the interference claim and in favor of

VPC on the retaliation claim. Lusk sought $47,354 in back pay, but the jury awarded her only $25,258.14. See Verdict Form, Dkt. No. 99. The court ordered VPC to reinstate Lusk as well.

VPC previously filed a post-trial motion asking the court for judgment as a matter of law pursuant to Rule 50(b) because the jury's verdicts were inconsistent. See Dkt. No. 112. The court denied that motion on two grounds. First, the court found the jury verdicts as to the FMLA interference and retaliation claims were not inconsistent. The court noted that the interference claim and retaliation claim presented different burdens of proof for Lusk in that the interference claim did not have an intent requirement while the retaliation claim did require a showing of intent. Furthermore, the jury instructions explicitly told the jury that they could "disbelieve the reason [VPC] gave for terminating Lusk and still not find in her favor on the retaliation claim." Mem. Op., Dkt. No. 125, at *4 ("'If you disbelieve the reason [VPC] has given for its reason to terminate Ms. Lusk, you may infer, *but are not required* to infer, that [VPC] terminated Ms. Lusk because of her FMLA protected activity.'") Second, the court ruled that even if the verdicts were inconsistent, it would be improper to grant VPC's Rule 50(b) motion because the proper remedy for an inconsistent jury verdict is a new trial, not judgment as a matter of law. Id. at *6-7.

Lusk subsequently moved for an award of attorneys' fees pursuant to the FMLA, 29 U.S.C. § 2617, and asks for $311,265.00 for fees and $9,602.04 for costs. VPC opposes and claims Lusk should receive $46,000.00 to cover fees and costs. VPC also moves for a new trial pursuant to Rule 59(a); to alter or amend the court's August 11, 2014 Order reinstating Lusk to her former position under Rule 59(e); and to stay enforcement of the court's August 11 Order pursuant to Rule 62 of the Federal Rules of Civil Procedure. The court will address VPC's motions first and then address the issue of attorneys' fees.

## II.

As to its Rule 59(a) motion, VPC raises the same arguments, verbatim, that it made in its prior motions for judgment as a matter of law on the FMLA interference claim. The court denied the motion for judgment as a matter of law as to the interference claim at trial, Dkt. No. 95, and denied the defendant's first post-trial motion for judgment as a matter of law as well, Dkt. No. 126. As additional grounds to support the present motion, VPC asserts that plaintiff's evidence as to her ADA claim presented at trial was irrelevant to the FMLA claim and may have affected the jury's determination of the FMLA issue. Thus, VPC requests a new trial limited to just the FMLA claim. As to its Rule 59(e) motion, VPC asks the court to reconsider its reinstatement decision because Lusk's former position was no longer available when the court ordered her reinstatement, and her presence at the workplace has resulted in "extreme hostility, animosity [and] lack of a productive and amicable working relationship . . . ." Finally, VPC moves under Rule 62 to stay execution of the court's August 11 judgment pending the disposition of its motions.

Lusk, in opposition, argues VPC's motion for a new trial does not present grounds for the court to grant the motion because there is no allegation the verdict was against the clear weight of the evidence, that the verdict was based on false evidence, or that the verdict will result in a miscarriage of justice. Furthermore, VPC's contention that the jury was sympathetic to the plaintiff based on the evidence presented as to the ADA claims does not support granting a new trial. In response to VPC's motion to reconsider reinstatement, Lusk argues VPC's motion is based on inadmissible "new evidence" because VPC has not shown that the evidence was either unknown until after trial or newly discovered and it could not have been discovered and produced at trial. Because the evidence VPC wishes to use as the basis for the court's reconsideration of reinstatement came into existence after trial, it cannot be the basis of a Rule 59(e) motion. In addition, Lusk raises an estoppel argument because VPC is on record as describing Lusk as experienced and capable of

performing her job and that her position was available as of August 26, 2014. Finally, according to Lusk, post-litigation employer-employee friction does not amount to a manifest injustice to warrant the court's reconsideration of reinstatement. As to VPC's motion to stay execution of the judgment, Lusk argues that VPC cannot prevail because it failed to address (1) its likelihood of success on the merits; (2) whether it would be irreparably harmed absent a stay; (3) whether a stay will substantially injure Lusk; and (4) where the public interest lies.

### A.

For the reasons stated on the record at the November 20 hearing and the court's prior Memorandum Opinion, Dkt. No. 125, the court will deny VPC's motion for a new trial under Rule 59(a). The jury heard the evidence, was properly instructed, and reached its verdict. Given the court's instructions, the court cannot conclude that the jury was somehow inappropriately influenced by evidence introduced on the ADA claim when it reached its verdict on the FMLA interference claim.

### B.

VPC founds its motion to reconsider Lusk's reinstatement on newly discovered evidence, i.e., events that took place following Lusk's reinstatement at VPC. VPC argues that these subsequent events demonstrate that reinstatement is not appropriate in this case.

On a party's motion brought under either Rule 59 or Rule 60, "the standard governing relief on the basis of newly discovered evidence is the same . . . ." Boryan v. United States, 884 F.2d 767, 771 (4th Cir. 1989). On such a motion, the movant must show:

> (1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended.

4

Id. The moving party may not rely on evidence available to it prior to entry of judgment and must show that the new evidence "'was newly discovered or unknown to it until after the hearing, [and] also that it could not with reasonable diligence have discovered and produced such evidence at the hearing.'" Id. (quoting Frederick S. Wyle P.C. v. Texaco, Inc., 764 F.2d 604, 609 (9th Cir. 1985)).

While the Fourth Circuit has not explicitly distinguished between "new evidence" and "newly discovered evidence," many other circuits have. Those circuits generally limit "newly discovered evidence" to evidence that existed at the time of trial and not evidence that comes into existence after entry of judgment. See Betterbox Comm'ns, Ltd. v. BB Techs., Inc., 300 F.3d 325, 331 (3d Cir. 2002); Alecia v. Machete Music, 744 F.3d 773, 780 (1st Cir. 2014) (citing Betterbox); Jacob v. Clarke,129 F. App'x 326, 329 n.2 (8th Cir. 2005) (unpublished per curiam decision) (citing Betterbox); General Univ. Sys., Inc. v. Lee, 379 F.3d 131, 158 (5th Cir. 2004); see also In re Greene, No. 10-51071, Adv. No. 11-0516, 2013 WL 1724924, at *20-21 (Bankr. E.D. Va. Apr. 22, 2013) (collecting cases). Given this precedent, the court cannot conclude that the events that took place subsequent to Lusk's reinstatement qualify as newly discovered evidence warranting reconsideration of the order of reinstatement for that reason. However, another reason exists requiring amendment of the judgment.

C.

Though not argued by either party, Rule 60(b)(5) of the Federal Rules of Civil Procedure permits a court to alter or amend a judgment when, upon a showing of exceptional circumstances, "applying [the judgment] prospectively is no longer equitable." Fed. R. Civ. P. 60; Shankle v. Ubben, No. 3:12cv00056, 2013 WL 4759243, at *1 (W.D. Va. Sept. 4, 2013). Rule 60 "need not necessarily be read as depriving the court of the power to act in the interest of justice in an unusual case in which its attention has been directed to the necessity for relief by means other than a motion." United States v. Jacobs, 298 F.2d 469, 472 (4th Cir. 1961). Courts in the Fourth Circuit generally

5
Case 5:13-cv-00079-MFU-JGW   Document 163   Filed 03/06/15   Page 5 of 13   Pageid#: 2966

agree that reinstatement is a form of prospective injunctive relief. EEOC v. Thompson Contracting, Grading, Paving, and Utilities, Inc., 499 F. App'x 275, 278-79 (4th Cir. 2012) (unpublished per curiam decision); Chadwell v. Brewer, No. 2:14cv00003, 2014 WL 4955780, at *3 (W.D. Va. Oct. 2, 2014); Allen v. College of William and Mary, 245 F. Supp. 2d 777, 789 (E.D. Va. 2003).

In its Memorandum Opinion, Dkt. No. 125, the court noted that it believed the parties would "put forth a good faith effort to recapture as much of their prior positive working relationship as possible" and did not find anything "sufficiently unique about the facts and circumstances of this case as to warrant abandoning the much preferred remedy of reinstatement." Mem. Op., Dkt. No. 125, at *14. Nor did it believe that reinstatement would be "a harbinger of disaster and a catalyst to more litigation." Hoffman v. Nissan Motor Corp. in U.S.A., 511 F. Supp. 352, 355 (D.N.H. 1981). The post-trial actions of both parties, however, convince the court otherwise. This may very well be one of those cases where the litigation itself has created such animosity between the parties that any potential employer-employee relationship has been irreparably damaged. Duke v. Uniroyal Inc., 928 F.2d 1413, 1423 (4th Cir. 1991) (citing EEOC v. Prudential Fed. Sav. & Loan Ass'n, 763 F.2d 1166, 1172 (10th Cir. 1985); Whittlesey v. Union Carbide Corp., 742 F.2d 724, 728 (2d Cir. 1984)). Since Lusk has returned to VPC, further disputes have arisen, and VPC has suspended Lusk indefinitely, albeit with pay. Apparently, Lusk has filed a second claim with the EEOC.

As such, it appears that the remedy of reinstatement is no longer equitable in this case. Accordingly, the court will vacate its order reinstating Lusk to VPC's employ given the parties' deteriorating post-trial relationship. Reinstatement, as the preferred remedy under the law, was appropriate after the trial, and the court believed that this remedy was in both parties' best interests. Unfortunately, however, that has not turned out to be true. In its Memorandum Opinion and accompanying Order, Dkt. Nos. 125 and 126, the court ordered that Lusk be reinstated to VPC's

employ. There were no strings attached to that reinstatement. The court could not, and did not, order that Lusk be reinstated in perpetuity. Certainly, VPC remained free, within the bounds of the law, to suspend or terminate Lusk for legitimate and lawful post-reinstatement reasons. In short, while both VPC and Lusk are accountable for their post-reinstatement conduct, that is not part of this case. Indeed, it is not the proper role of a federal court to act as a super-personnel department and supervise ongoing employment relationships. See DeJarnette v. Corning Inc., 133 F.3d 293, 299 (4th Cir. 1998). Accordingly, because the parties' relationship has deteriorated to a point where there is no likelihood that they can work together again, the court will vacate its order of reinstatement on a prospective basis. In light of this decision, the court deems it proper to award Lusk six additional months of front pay from the date of this opinion and accompanying order.[1]

### III.

Lusk asks for attorneys' fees, costs, and expenses pursuant to 29 U.S.C. § 2617(a)(3) in the amounts of $311,265.00 for fees and $9,602.04 in costs. Lusk's counsel, Timothy Cupp, argues the reasonable rate applicable for an employment law attorney in this district and of his skill is $375/hour, the reasonable rate applicable for an associate attorney is $275/hour, and the reasonable rate for paralegal services is $125/hour. Lusk's counsel requests compensation for 640.5 hours of work on this case while with his former law firm and an additional 92.3 hours while with his current law firm. He also seeks compensation for 7.5 hours and 2 hours of his partners' time respectively, and compensation for 109.6 hours for work done by a law firm associate on this case. Finally, Lusk submits counsel should be compensated for 22.1 hours of paralegal services. Lusk claims the time submitted is reasonable because her counsel should be compensated for time spent in the EEOC

---

[1] Lusk has received roughly six months of pay since her reinstatement. Although she is currently on suspension, the court understands that her pay has continued. Under these circumstances, the court believes that an additional six months of front pay is appropriate given the court's vacation of reinstatement. The total amount of front pay, approximating one year of employment, roughly parallels the jury's determination as to back pay and is equitable under the circumstances. See Cline v. Wal-Mart Stores, Inc., 144 F.3d 294, 307 (4th Cir. 1998).

7

proceeding leading up to this case, and the claims under the ADA and FMLA in this case shared a common core of facts and legal theories. Therefore, the fees should not be reduced despite the fact that Lusk prevailed on only one of her claims.

VPC claims $46,000 is an adequate fee award for this case. VPC argues the fees should be reduced since Lusk only prevailed on one of her several claims against VPC, and the back pay and reinstatement award are not such a substantial verdict that Lusk should recover all of her claimed fees. Furthermore, VPC questions Lusk's counsel's use of "block billing" and claims block billing is too general and unspecific to determine what portions of Lusk's attorney's time were devoted to the FMLA interference claim. VPC also asserts that $375/hour is too high an hourly rate and that the prevailing community rate for these types of cases is $275 to $300/hour for attorneys of Lusk's counsel's skill. In addition, VPC challenges the associate attorney's hourly rate on the grounds that Lusk's counsel should not have needed the help of an associate for this case, and the associate did little more than paralegal work and should be compensated at the paralegal rate. Thus, VPC would adjust the hourly rate for partners at $287.50/hour, assign a rate of $150/hour for the associate attorney, and award plaintiff 20% of her claimed fees because she prevailed on only one out of five counts.

### A.

The Supreme Court has ruled that each party to a lawsuit must ordinarily bear its own attorneys' fees unless there is express statutory authorization to the contrary. Hensley v. Eckerhart, 461 U.S. 424, 429 (1983). When statutes expressly authorize awards of attorneys' fees, the Fourth Circuit has adopted the lodestar method of determining reasonable attorneys' fees. Brodziak v. Runyon, 145 F.3d 194, 196 (4th Cir.1998). The lodestar figure bears a "'strong presumption'" that it "represents a reasonable attorney's fee." McAfee v. Boczar, 738 F.3d 81, 88 (4th Cir. 2013); Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 554 (2010).

The lodestar figure is calculated by multiplying the number of reasonable hours expended by a reasonable rate. Id. The court must consider several factors known as the "Johnson Factors" in deciding what constitutes the reasonable hours expended and reasonable rate for a particular case. Id. (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). These factors are: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorneys' opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorneys' expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. Brodziak, 145 F.3d at 196 (quoting EEOC v. Service News Co., 898 F.2d 958, 965 (4th Cir.1990)). After ascertaining the reasonable rate and hours expended, the court must "'subtract fees for hours spent on unsuccessful claims unrelated to successful ones'" then "award 'some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff.'" Id. (quoting Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243 (4th Cir. 2009).

### B.

VPC challenges Lusk's calculation of the lodestar on four grounds: (1) the hourly rate for Mr. Cupp and his partners is too high based on the market rate for the type of work and community; (2) the hourly rate for Mr. Cupp's associate is too high; (3) there are several examples of "block billing" in the time sheets Mr. Cupp submitted to support his fee award; and (4) the fee award should be reduced based on the actual results obtained.

9

### 1.

Mr. Cupp avers that he and his partners' bill at $375 an hour for labor and employment matters. VPC submits that the prevailing billing rate for such cases in Harrisonburg, Virginia is between $275 and $300 an hour. The hourly rate in a fee petition must be "consistent with 'the prevailing market rates in the relevant community for the type of work'" involved. McAfee, 738 F.3d at 91 (quoting Plyler v. Evatt, 902 F.2d 273, 277 (4th Cir. 1990)). The applicant can meet that burden through supporting "'affidavits of other local lawyers who are familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community.'" Id. (quoting Robinson, 560 F.3d at 245)). Ultimately, "the community in which the court sits" will determine "the prevailing market rate." Grissom v. The Mills Corp., 549 F.3d 313, 321 (4th Cir. 2008) (citing Rum Creek Coal Sales, Inc. v. Caperton, 31 F.3d 169, 179 (4th Cir. 1994)).

Here, in light of the affidavits from lawyers in the Harrisonburg area submitted by VPC, the court finds that a reasonable rate for experienced employment lawyers in the Harrisonburg area to be in the range of $275 - $300. Given Mr. Cupp's years of experience, the court will put him at the top end of that range.[2] The court finds that a rate of $300 an hour accounts for both Mr. Cupp's and his partners' substantial experience in litigating employment matters and the important role plaintiff's counsel serve by taking on these types of cases.

### 2.

In her fee petition, Lusk asks for fees for over one hundred hours of work billed by an associate attorney affiliated with Mr. Cupp's law firm at a rate of $275 an hour. VPC contends the

---

[2] The affidavits provided by Lusk in support of a higher fee of $375 were submitted by counsel from Richmond and Charlottesville, which the court believes to be higher billing legal markets. Moreover, in Great Eastern Resort Management, Inc., et al. v. Sky Cable, et al, No. 5:11cv00123, Memorandum Opinion, Dkt. No. 115 (February 25, 2015), the court recently awarded fees at the hourly rate of $265 in a complicated commercial case to counsel who recently served as President of the Virginia State Bar.

amount Lusk seeks for this associate is unreasonable and that her billing rate should be set at $150 for purposes of the fee award.

First, the court agrees that $275 an hour is an excessive rate for an associate attorney practicing in Harrisonburg, Virginia. Second, the work billed by this associate simply does not justify the fee requested. The majority of the time she billed consists of time traveling to and from hearings and the trial and time attending those hearings and the trial. The only docket entry attributed to that associate is her notice of appearance. Not once did she make argument before this court or examine a witness during trial. While undoubtedly she was of some assistance to Mr. Cupp during the later stages of this litigation her assistance does not justify a $275 hourly fee. Therefore, the associate's billing rate will be reduced to $150 an hour.

### 3.

VPC also challenges Lusk's fee request on the grounds that a significant portion of the hours billed are "block billed." The majority of VPC's objections to the timesheets are that it is difficult to distinguish what time was spent on what particular issue or claim. Block billing, a practice disfavored by federal courts, consists of combining "several tasks together under a single entry, without specifying the amount of time spent on each particular task." Sky Cable, LLC v. Coley, Case No. 5:11cv00048, 2014 WL 4407130, at * 4 (W.D. Va. Sept. 8, 2014) (citations omitted). Where there is evidence of inadequate documentation, the court may reduce the fee award "by either identifying the specific hours that are not sufficiently documented or by reducing the overall fee award by a fixed percentage . . . ." Id. (citations omitted).

There are several examples of block billing here that warrant a reduction in the fee award. For example, an entry for May 22, 2014 reads:

> further legal research and drafting; shepardizing cases; review brief w/ Mr. Schulte; teleconference w/ Ms. Schulte; research and revise brief; read cases [listed]; review Defendant's brief; teleconference

11

> Schulte re defenses needed. Client consult; finalize declaration on further efforts to obtain work; 9 hours

Dkt. No. 130-2 at *16. A February 21, 2014 entry reads:

> follow up legal research, cite check; further drafting of motion, memo; order to seal and motion; client consult; prepare declaration for S.J.; teleconference w/ client; prepare motion, memo, and order to file under seal; review defendant's motion and memorandum; teleconference Mr. Bell re failure to file under seal; consult Mrs. Cupp; 11 hours

Id. at *10. From these entries, and others like them, it is impossible to tell how much time was spent on what particular task in order to determine if the time spent was reasonable. See Sky Cable, 2014 WL 4407130, at *5. Therefore, the court will reduce the total fee award by five percent (5%) to account for counsel's use of block billing.

### 4.

VPC argues that Lusk's fees should be further reduced because she prevailed on only one of her many claims. According to Lusk, her claims were so interrelated that a reduction in the fee award would not be appropriate. Furthermore, Lusk argues that she received a substantial back pay award with interest and received her requested remedy of reinstatement. Determining whether to adjust a fee award based on the "results obtained," requires a two-part inquiry: "[f]irst did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" Hensley, 461 U.S. at 434. Where the plaintiff achieves only "limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." Id. Ultimately, "a reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." Id. at 440.

While Lusk's claims were indeed somewhat interrelated, the degree of her success was quite limited. Lusk's complaint contained four counts: Count I asserted violations of the FMLA for

interference and retaliation; Count II asserted violations of the ADA for failure to accommodate and wrongful termination; Count III contained an ADA interference claim; and Count IV contained an ADA retaliation claim. Lusk prevailed on her FMLA interference claim but lost her FMLA retaliation claim and all her claims under the ADA. Lusk sought $47,354 in back pay, but the jury awarded her only $25,258.14. The court ordered VPC to reinstate Lusk, but the court denied Lusk's requests for punitive and liquidated damages. The level of success obtained is the most critical factor to the inquiry of whether an award of fees is reasonable. Id. at 436. Here, Lusk's success was clearly limited in that she prevailed on only one of her claims and received only part of the relief she requested. Accordingly, the court finds that a further reduction in the fee award is proper. Therefore, the court will reduce the total fee award by an additional twenty-five percent (25%) to account for the results obtained.

## IV.

For these reasons, VPC's motions for new trial and to stay the execution of judgment are **DENIED**, but VPC's motion to amend the judgment is **GRANTED**. Dkt. No. 143. In particular, the court **VACATES** its prior order of reinstatement, Dkt. No. 126, and **ORDERS** VPC to pay Lusk six additional months of front pay from the date of this opinion and accompanying order. Lusk's motion for attorney's fees and costs is **GRANTED**, but reduced to reflect the hourly rates set forth above and after a thirty percent (30%) reduction in the total fee award. Accordingly, Lusk is awarded attorneys' fees and expenses in the amount of **$186,276.79**.[3] This case is **DISMISSED** and **STRICKEN** from the docket of the court. An appropriate Order will be entered this day.

Entered: March 6, 2015

/s/ Michael F. Urbanski
Michael F. Urbanski
United States District Judge

---

[3] The calculations of the fee award are attached as Exhibit A.